PROVIDED TO OKEECHOBEE
CORRECTIONAL INSTITUTION
ON 4-16-21 FOR MAILING
BY ⟨⟩ JDN

FILED

2021 APR 21 PM 1:38

US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

PETITION UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

| UNITED STATES DISTRICT COURT | | Division: MIDDLE DISTRICT OF FLORIDA | |
|---|---|---|---|
| Name of Petitioner:<br>Jason Doyle Napier | Prisoner No.:<br>128886 | Case No.:<br>5:21-cv-221-BJD-PRL | |
| Place of Confinement (include address):<br>Suwannee Correctional Institution Annex, 5964 U.S. Hwy 90, Live Oak, FL 32060 | | | |
| Jason Doyle Napier<br><br>Petitioner. | v. | Mark S. Inch, Secretary,<br>Florida Department of Corrections<br>Respondent. | |
| The Attorney General of the State of Florida, Honorable Ashley Moody | | | |

## PETITION

1.  (a) Name and location of the court that entered the judgment of conviction you are challenging: Fifth Judicial Circuit, Marion County, Florida

    (b) Criminal docket or case number (if you know): 2006-CF-: 00349, 00350, 00351; 2015-CF-1117

2.  (a) Date of the Judgment of conviction (if you know): May 3, 2017

    (b) Date of Sentencing: May 3, 2017

3.  Length of sentence: 30 years FDC

4.  In this case, were you convicted on more than one count or more than one crime?

    ☑    Yes    ☐    No

5.  Identify all crimes of which you were convicted and sentenced in this case: As to 2015-CF-1117 - Count 1: Manslaughter with a firearm; Count 2: Possession of a firearm by a convicted felon; As to 2006-CF-: 00349, 00350, 00351 (Violations of Probation) – 3 counts of sales of cocaine within 1000 feet of a school

6.  (a) What was your plea? (Check one)

    ☐ (1) Not guilty        ☑ (3)  Nolo Contendere (no contest)

1

(2) Guilty during trial ☐ (4)  Insanity Plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Nolo Contendere to Manslaughter and Possession of firearm; admitted to 3 counts of VOP.

(c) If you went to trial, what kind of trial did you have? (check one)

      ☑ Jury        ☐ Judge Only

7.     Did you testify at a pretrial hearing, trial, or post-trial hearing?

      ☐ Yes        ☑ No

8.     Did you appeal from the judgment of conviction?

      ☑Yes        ☐ No

9.     If you did appeal, answer the following:

(a) Name of Court: Fifth District Court of Appeal, Florida

(b) Docket or case number (if you know): 5D18-1812

(c) Result: Belated Appeal Denied

(d) Date of result (if you know): July 17, 2018

(e) Citation to the case (if you know): Unknown

(f) Grounds Raised: Petitioner instructed his attorney to appeal but the attorney failed to do so.

(g) Did you seek further review by a higher state court?  ☐  Yes ☑  No

If yes, answer the following:

     (1) Name of Court:

     (2) Docket or case number (if you know):

     (3) Result:

     (4) Date of result (if you know):

     (5) Citation to the case (if you know)

     (6) Grounds Raised:

(h) Did you file petition for writ of *certiorari* in the United States Supreme Court?

      ☐ Yes ☑  No

If yes, answer the following:

     (1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know)

10.   Other than the direct appeals, have you previously filed any petitions, application, or motions concerning this judgment of conviction in any state court?

        ☑    Yes      ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of the Court: Fifth Judicial Circuit, Marion County, Florida

    (2) Docket or case number (if you know): 2006-CF-: 00349, 00350, 00351; 2015-CF-1117

    (3) Date filing (if you know): September 1, 2017

    (4) Nature of proceeding:Motion to mitigate sentence under Fla.R.Crim.P. 3.800

    (5) Grounds Raised: Mother passed away and extreme remorse

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    ☐ Yes    ☑ No

    (7) Results: Denied

    (8) Date of result: September 25, 2017

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of the Court: Fifth Judicial Circuit, Marion County, Florida

    (2) Docket or case number (if you know): 2006-CF-: 00349, 00350, 00351; 2015-CF-1117

    (3) Date filing (if you know): August 22, 2018

    (4) Nature of proceeding: Motion to correct illegal sentence under R. 3.800 (a).

    (5) Grounds Raised: The defendant claimed his 30-year sentence on Count I, manslaughter with a firearm, is illegal because manslaughter with a firearm cannot be enhanced to a first-degree felony because a firearm is an essential element of manslaughter.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    ☐ Yes    ☑ No

    (7) Results: Denied

(8) Date of result: September 13, 2018

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of the Court: Fifth Judicial Circuit, Marion County, Florida

(2) Docket or case number (if you know): 2006-CF-: 00349, 00350, 00351; 2015-CF-1117

(3) Date filing (if you know): April 20, 2018

(4) Nature of proceeding: Postconviction Motion pursuant to R. 3.850

(5) Grounds Raised: Ground 1: Ineffective assistance of counsel – Failing to subpoena correct defense witness for trial; Ground 2: Ineffective assistance of counsel – Advising defendant to enter plea to avoid possible life sentence contrary to Fla. R. Crim. P. 3.171(2); Ground 3: Ineffective assistance of counsel – advising defendant to enter plea to lesser charge after acquittal; Ground 4: Ineffective assistance of counsel – misadvising defendant that he did have opportunity to discuss offer with family. (All Grounds verbatim)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    ☑Yes        ☐ No

(7) Result: Denied

(8) Date of result (if you know): February 10, 2020

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:         ☐ Yes    ☑ No

(2) Second petition:      ☑ Yes    ☐ No

(3) Third petition:        ☑ Yes    ☐ No

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:  R. 3.800(c) is non-appealable


12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

4

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Defense trial counsel was ineffective in violation of the 6th and 14th Amendments to the U. S. Constitution, by denying the Defendant a fair trial, equal protection, and due process of law when he failed to subpoena the correct defense witness for trial.

(a) Supporting facts: Defense counsel did subpoena Tanya Matheney to testify as to the events which resulted in the charges against the Petitioner instead of the proper witness: Tonya Femia. Petitioner has no knowledge of Tanya Matheney who was not present at the time of the incident and had no knowledge of the facts related to the incident in question. Had counsel called the proper witness, Tonya Femia, who's contact information was known to council and who would have testified that the shooting was an accident and unintentional, the Petitioner would not have entered a guilty plea but would have relied on a jury verdict as both the state and defense had rested and the JOA for Count 1, Second degree murder, had been granted.

(b) If you did not exhaust your state remedies on Ground One, explain why: All state remedies were exhausted.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Petitioner did not have a direct appeal as trial counsel advised him that an appeal was not allowed because he pled guilty. In addition, a Petition for Belated Appeal was denied.

(d) **Postconviction Proceedings:**

(1) Did you raise this issue through a postconviction motion or petition for *habeas corpus* in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "yes," state:

5

Type of motion or petition: Motion pursuant to Fla. R. Crim. P. 3.850

Name and location of the court where the motion or petition was filed:

Fifth Judicial Circuit, Marion County, Florida

Docket or case number (if you know): 2006-CF-: 00349, 00350, 00351;

2015-CF-1117

Date of the court's decision: February 10, 2020

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on you motion or petition?

☑ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?

☑ Yes        ☐ No

(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the
appeal?

☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "yes," state:

Name and location of the court where the appeal was filed: Fifth District

Court of Appeal, Daytona Beach, Florida

Docket or case number (if you know): 5D20-0483

Date of the court's decision: January 12. 2021

Result (attach a copy of the court's opinion or order, if available): *Per
curium* affirmed

(7) If your answer to Question (d)(4) or (d)(5) is "no," explain why you did not
raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as *habeas corpus*,
administrative remedies, etc.) that you have used to exhaust your state remedies on
Ground One: N/A


**GROUND TWO:** Defense trial counsel was ineffective in violation of the 6th and 14th
Amendments to the U. S. Constitution by denying the Defendant a fair trial, equal protection,

6

and due process of law when he advised the defendant to enter a plea to avoid a possible life sentence.

(a) Supporting facts: After granting the defense's JOA for Count 1: Second degree murder with a firearm, the state offered the defendant a plea agreement for 30 yrs for a reduced charge on Count 1: Manslaughter with a firearm, 30 yrs for all violations of probation, and 15 yrs for Count 2: Possession of a firearm by a convicted felon, all to run concurrent. Counsel misadvised the defendant to take the offer as he was facing a life sentence for the Manslaughter charge and if the jury found him guilty, (at this time both the state and defense had rested at trial), the judge would sentence him to the maximum sentence: Life in FDOC. Although at this point the Defendant was totally confused as to the Manslaughter charge because Count 1's JOA had been granted, he accepted the attorney's advice and changed his plea to *nolo contendere.* Manslaughter with a firearm when reclassified under §775.087(1)(b), Fla. Stat., to a felony of the first degree carries a maximum sentence of 30 years incarceration, not a life sentence as advised by defense trial counsel. Mr. Napier pled to the maximum sentence under §775.082(3)(b), Fl. Stat., instead of finishing the already rested trial as he would have done absent counsel's misadvice.

(b) If you did not exhaust your state remedies on Ground Two, explain why: All state remedies were exhausted.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Petitioner did not have a direct appeal as trial counsel advised him that an appeal was not allowed because he pled guilty. In addition, a Petition for Belated Appeal was denied.

(d) **Postconviction Proceedings:**

(1) Did you raise this issue through a postconviction motion or petition for *habeas corpus* in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "yes," state:

7

Type of motion or petition: Motion pursuant to Fl. R. Crim. P. 3.850

Name and location of the court where the motion or petition was filed:
Fifth Judicial Circuit, Marion County, Florida

Docket or case number (if you know): 2006-CF-: 00349, 00350, 00351;
2015-CF-1117

Date of the court's decision: February 10, 2020

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on you motion or petition?

☑ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?

☑ Yes      ☐ No

(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?

☑ Yes      ☐ No

(6) If your answer to Question (d)(4) is "yes," state:

Name and location of the court where the appeal was filed: Fifth District
Court of Appeal, Daytona Beach, Florida

Docket or case number (if you know): 5D20-0483

Date of the court's decision: January 12. 2021

Result (attach a copy of the court's opinion or order, if available): *Per
curium* affirmed

(7) If your answer to Question (d)(4) or (d)(5) is "no," explain why you did not
raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as *habeas corpus*,
administrative remedies, etc.) that you have used to exhaust your state remedies on
Ground Two: N/A

**GROUND THREE:** Defense trial counsel was ineffective in violation of the 6th and 14th Amendments to the U. S. Constitution by denying the Defendant a fair trial, equal protection, and due process of law when he advised the defendant to enter a plea to a lesser charge after acquittal of Count 1: Second degree murder with a firearm, even though jeopardy had attached at that point.

(a) Supporting facts: After the original Count 3: Third degree murder with a firearm was nol. pros'd three days before trial, an amended information was filed containing only two counts: Second degree murder with a firearm and Possession of a firearm by a convicted felon. (Exhibit "A"). After both the state and defense had rested, the Court granted the defenses JOA for Count 1: Second degree murder with a firearm. Even though jeopardy had attached when the greater charge of Second degree murder with a firearm had been acquitted under the JOA, the Defendant was then offered a plea deal from the State of thirty-years in state prison for a guilty plea to a lesser included Manslaughter with a firearm. Defense trial counsel misadvised the Petitioner to take the plea offer as he was facing a life sentence for the manslaughter with a firearm charge if it went to the jury and he was found guilty. At this point counsel should have known that jeopardy had attached to all lesser charges related to second degree murder since the jury had not begun deliberations yet. The defendant adopted counsel's advice and changed his plea, even though by this time the defendant was totally confused as to the legality of a manslaughter charge when the only charge left for the jury was the bifurcated possession of a firearm by a convicted felon. Absent counsel's miss-advice, Mr. Napier would not have pled to the Manslaughter charge but rather would have pursued the double jeopardy issue with counsel or would have let the jury decide the outcome.

(b) If you did not exhaust your state remedies on Ground Three, explain why: All state remedies were exhausted.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel is not cognizable on direct appeal.

9

**(d) Postconviction Proceedings:**

(1) Did you raise this issue through a postconviction motion or petition for *habeas corpus* in a state trial court?

    ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "yes," state:

    Type of motion or petition: Motion pursuant to Fl. R. Crim. P. 3.850

    Name and location of the court where the motion or petition was filed:
Fifth Judicial Circuit, Marion County, Florida

    Docket or case number (if you know): 2006-CF-: 00349, 00350, 00351;
2015-CF-1117

    Date of the court's decision: February 10, 2020

    Result (attach a copy of the court's opinion or order, if available): Denied


(3) Did you receive a hearing on you motion or petition?

    ☑ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?

    ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?

    ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "yes," state:

    Name and location of the court where the appeal was filed: Fifth District
Court of Appeal, Daytona Beach, Florida

    Docket or case number (if you know): 5D20-0483

    Date of the court's decision: January 12. 2021

    Result (attach a copy of the court's opinion or order, if available): *Per curium* affirmed

(7) If your answer to Question (d)(4) or (d)(5) is "no," explain why you did not raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as *habeas corpus*, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** Defense trial counsel was ineffective in violation of the 6th and 14th Amendments to the U. S. Constitution by denying the Defendant a fair trial, equal protection, and due process of law when he misadvised the defendant that he did have an opportunity to discuss offer with his family.

(a) Supporting facts: After the original Count 3: Third degree murder with a firearm was nol. pros'd three days before trial, an amended information was filed containing only two counts: Second degree murder with a firearm and Possession of a firearm by a convicted felon. (Exhibit "A"). After both the state and defense had rested, the Court granted the defenses JOA for Count 1: Second degree murder with a firearm. Even though jeopardy had attached when the greater charge of Second degree murder with a firearm had been acquitted under the JOA, the Defendant was then offered a plea deal from the State of thirty-years in state prison for a guilty plea to lesser included Manslaughter with a firearm. Defense trial counsel advised the Petitioner to take the plea offer as he was facing a life sentence for the manslaughter with a firearm charge if it went to the jury and he was found guilty. At this point the Defendant requested that he be allowed to discuss the new offer with his family, in particular his grandmother. Defense counsel said there was no time and he had to make a decision now before the State withdrew its offer. Defendant then changed his plea to *nolo contendere*. The Petitioner avows that he would not have changed his plea without the misadvice of counsel, and would have proceeded to jury deliberations as he believed Manslaughter was not proven at trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why: All state remedies were exhausted.

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes   ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Petitioner did
not have a direct appeal as trial counsel advised him that an appeal was not
allowed because he pled guilty. In addition, a Petition for Belated Appeal was
denied.

(d) **Postconviction Proceedings:**

(1) Did you raise this issue through a postconviction motion or petition for
*habeas corpus* in a state trial court?

        ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "yes," state:

      Type of motion or petition: Motion pursuant to Fl. R. Crim. P. 3.850

      Name and location of the court where the motion or petition was filed:

Fifth Judicial Circuit, Marion County, Florida

      Docket or case number (if you know): 2006-CF-: 00349, 00350, 00351;

2015-CF-1117

      Date of the court's decision: February 10, 2020

      Result (attach a copy of the court's opinion or order, if available): Denied


(3) Did you receive a hearing on you motion or petition?

      ☑   Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?

      ☑   Yes        ☐ No

(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the
appeal?

      ☑   Yes        ☐ No

(6) If your answer to Question (d)(4) is "yes," state:

      Name and location of the court where the appeal was filed: Fifth District

Court of Appeal, Daytona Beach, Florida

      Docket or case number (if you know): 5D20-0483

      Date of the court's decision: January 12. 2021

Result (attach a copy of the court's opinion or order, if available): *Per curium* affirmed

(7) If your answer to Question (d)(4) or (d)(5) is "no," explain why you did not raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as *habeas corpus*, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

13.    Please answer these additional questions about the petitions you are filing:

     (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

        ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

     (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

       ☐ Yes    ☑ No

If "yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

       ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.  Give the address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Public Defender

    (b) At arraignment and plea: Public Defender

    (c) At trial: David Mengers, 500 NE 8th Ave, Ocala, FL 34470

    (d) At sentencing: Same

    (e) On appeal: None, A Belated Appeal was filed *pro se*

    (f) In my post-conviction proceeding: *pro se*

    (g) On appeal from any ruling against you in a post-conviction proceeding: *pro se*

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ☐ Yes    ☑ No

    If so, give name and location of court that imposed the other sentence you will serve in the future:

    (a) Give the date the other sentence was imposed:

    (b) Give the length of the sentence:

    (c) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☑ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1] This Petition is timely.

---

[1]   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in part that:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus  by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

Therefore, Petitioner asks that the Court grant the following relief:

    1) That a violation of the Petitioner's constitutional rights has occurred;

    2) Order the state of Florida to vacate the Petitioner's conviction and sentence and;

    3) Any other relief to which petitioner may be entitled.

Respectfully submitted,

Jason Doyle Napier, <em>pro se</em>

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of *Habeas Corpus* was placed in the prison mailing system on ___April___ ___16th___ 2021 (month date, year).

Jason Doyle Napier, <em>pro se</em><br>
FDC #128886<br>
Suwannee C. I. Annex<br>
5964 U.S. Highway 90<br>
Live Oak, Florida 32060

---

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibit "A"

State Exhibit "C" Doc #274

Filing # 55767760 E-Filed 05/01/2017 09:00:28 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR MARION COUNTY
IN THE YEAR OF OUR LORD, TWO THOUSAND -FIFTEEN

THE STATE OF FLORIDA                    CASE NO. 2015-CF-001117-A-Z

vs                                      **AMENDED INFORMATION**

JASON DOYLE NAPIER

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

BRAD KING, State Attorney of the Fifth Judicial Circuit of the State of Florida, in and for Marion
County prosecuting for the State of Florida, by and through the undersigned Assistant State Attorney, in
the said County, under oath, information makes that: JASON DOYLE NAPIER (R/G: W/M, DOB:
06/20/1985) in the County of Marion, and the State of Florida, on or about the 4th day of April in the year
of Our Lord, twenty-fifteen:

### COUNT I
### MURDER IN THE SECOND DEGREE WITH A FIREARM (FL)
782.04(2) and 775.087(1) and 775.087(2)(a)1 and 775.087(2)(a)2 and 775.087(2)(a)3

did unlawfully, by an act imminently dangerous to another, and evincing a depraved mind, regardless of
human life, although without any premeditated design to effect the death of any particular individual, kill
and murder JARED BANKS, a human being, and during the commission of the offense, JASON DOYLE
NAPIER did carry, display, use, threaten to use, or attempt to use a firearm, and during the course of the
commission of the offense, JASON DOYLE NAPIER actually possessed and discharged a "firearm" as
that term is defined in s. 790.001, in violation of Florida Statutes 782.04(2), 775.087(1), 775.087(2)(a)1,
775.087(2)(a)2, and 775.087(2)(a)3;

### COUNT II
### POSSESSION OF FIREARM BY FELON - POSS (F2)
790.23 and 775.087(2)(a)1

and the Assistant State Attorney upon his oath aforesaid, further information makes that JASON DOYLE
NAPIER (R/G: W/M, DOB: 06/20/1985) in the County of Marion, and the State of Florida, on or about
the 4th day of April in the year of Our Lord, twenty-fifteen, in the County and State aforesaid did, having
been convicted of a felony, unlawfully have in his actual possession a "firearm", as that term is defined in
s. 790.001, in violation of Florida Statutes 790.23 and 775.087(2)(a)1;

contrary to the form of the statute in such cases made and provided and against the peace and dignity of
the State of Florida.

STATE OF FLORIDA, COUNTY OF MARION

Electronically Filed Marion Case # 15CF001117AX 05/01/2017 09:00:28 AM
Electronically Filed M-2015-14592

Page 71

PAGE 2
STATE OF FLORIDA
VS
JASON DOYLE NAPIER
2015-CF-001117-A-Z

Personally appeared before me, BRAD KING, State Attorney for the Fifth Judicial Circuit, State of Florida, in and for Marion County, State of Florida, or his duly designated Assistant State Attorney, who first being sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged. Prosecution instituted in good faith and subscribed under oath, certifying he has received testimony under oath from the material witness or witnesses of the offense.

/s/ Timothy Thomas McCourt

Timothy Thomas McCourt, Assistant to BRAD KING
State Attorney,
Fifth Judicial Circuit of Florida
Florida Bar No. 44604

Sworn to and subscribed before me this ___ day of _____, 2017.

Affiant Personally Known to Notary Public

Electronically Filed M-2015-14592

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JASON DOYLE NAPIER,
     Petitioner,

v.                             Case No: _____

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et at.,
                                /

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
## PETITION UNDER 28 U.S.C. § 2254

Comes now the Petitioner, Jason Doyle Napier, in proper person, and pursuant

to 28 U.S.C. §2254, respectfully submits this Memorandum of Law in support of his

Petition for Writ of Habeas Corpus.

### INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD OF RELIEF

Questions involving ineffective assistance of counsel are mixed questions of

law and fact subject to plenary federal review and are not entitled to a presumption

of correctness under 28 U.S.C. §2254(d). *Freund v. Butterworth*, 165 F.3d 839 (11th

Cir. 1999) (*en banc*)

Claims of ineffective assistance of counsel are guided by the two-pronged test

set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S.

668 (1984). To prove a claim under *Strickland*, a defendant must show (1) that

counsel's performance was deficient and (2) that the deficient performance

prejudiced the defense. *Id.* at 687

1

The *Strickland* deficiency prong requires the defendant to establish conduct on the part of counsel that is outside the broad range of reasonableness under prevailing professional standards. *Id.* at 689

The *Strickland* prejudice prong requires the defendant to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694

That standard does not "require a defendant to show 'that counsel's deficient conduct more likely than not altered the outcome', but rather that he establish 'a probability sufficient to undermine confidence in [that] outcome.'" *Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447, 455-56 (2009) (quoting *Strickland*, 466 U.S. at 693-94).

## STANDARD OF REVIEW FOR PETTIONS SUBJECT TO AEDPA

This petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Section 2254(d) sets forth a deferential standard for federal court review of a state court's findings of law and fact. It provides that habeas relief may not be granted on a claim adjudicated on the merits in state court unless such determination:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as

2

determined by the Supreme Court of the United Sates; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d)(1)-(2).

The U. S. Supreme Court has explained this deferential standard:

Under the "contrary to " clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

A state court's factual findings must also be given deference, and a petitioner bears the burden of overcoming a state court's factual determination by clear and convincing evidence. Specifically, a state court's determinations of fact "shall be presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880,890-91 (11th Cir. 2003).

In addition, before a district court can grant habeas relief to a state prisoner, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. *See*

§2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.") *See also Henderson*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state court.")(citations omitted).

A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The question whether a state prisoner in a federal habeas proceeding has exhausted state remedies is a mixed question of law and fact subject to *de novo* review. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990); *see also, Martinez v. Ryan*, 132 S.Ct. 1309 (2012) (held: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial); *Artuz v. Bennett*, 121 S.Ct. 361, 363 (2000) (held: that respondent's application for state postconviction relief contained procedurally barred claims [successive] does not render it improperly filed under §2244(d)(2)).

Alternatively, a petitioner may obtain federal habeas review of a procedurally

defaulted claim, or a claim decided on the merits in the state court, if review is

necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529

U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A

fundamental miscarriage of justice occurs in an extraordinary case where a

constitutional violation has probably resulted in the conviction of someone who is

actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at

892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*,

256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show

a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S.

at 327.

## GROUND ONE

> Defense trial counsel was ineffective in violation of the 6th
> and 14th Amendments to the U. S. Constitution, by
> denying the Defendant a fair trial, equal protection, and
> due process of law when he failed to subpoena the correct
> defense witness for trial.

Prior to trial, Mr. Napier provided trial counsel with the name of Tonya Femia,

a witness that would have testified that the shooting was an accident and

unintentional. Mr. Napier provided counsel with Ms. Femia's address and telephone

number and the substance of her testimony. Instead, counsel subpoenaed Tanya

Matheney, who was not present during the incident and the defendant had no knowledge of who she was. In fact, defense counsel rested without calling any witnesses or even asking if the defendant wished to testify or not in violation of his U.S. Constitutional rights; a fundamental miscarriage of justice within itself.

In *Barthel v. State*, 882 So.2d 1054 (Fla. 2D DCA 2004), the court set forth four requirements to establish ineffective assistance of counsel for failure to call a witness: (1) the identity of the prospective witness; (2) the substance of the prospective witness's testimony; (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial; and (4) an assertion that the witness was available to testify. *Id*. at 1055.

Mr. Napier avers that: (1) the witness counsel failed to question or call for trial was Tonya Femia, an eye witness to the incident; (2) Ms. Femia would have testified that the shooting was an accident which occurred when Mr. Napier dropped the gun which was tucked into his waistband, bent over to pick it up, and was attacked by a participant in the argument, precipitating an accidental firing of the firearm; (3) had Ms. Femia testified, her eye witness testimony would have provided an excusable and justifiable explanation for the victim's death as an accident rather than an act produced by a depraved mind; and (4) Mr. Napier, at the time, provided counsel with Ms. Femia's address and telephone number so he could contact Ms. Femia.

Mr. Napier met all four of these prongs, yet the witness was never deposed or

subpoenaed. In fact, counsel rested without calling any witnesses at all, including the defendant who wished to tell his side of the story.

It is a basic principle of law that a pretrial investigation in a criminal proceeding provides the "basic foundation" on which the defense rests and is "the most critical stage of the lawyer's performance." *House v. Balkcam*, 725 F.2d 608, 617 (11th Cir. 1984) (citation omitted).

By not calling Ms. Femia, counsel failed to subject the prosecutions case to a "meaningful adversary testing process" which may constitute a denial of due process and establish a *per se* violation of the Defendant's right to effective assistance of counsel. "Similarly, if counsel entirely fails to subject the prosecutions case to a meaningful adversarial testing, the adversarial process becomes presumptively unreliable." *U.S. v. Cronic*, 466 U.S. 648, 659 (1984) (citations omitted).

By not subpoenaing Ms. Femia, the Defendant could not make a full and complete decision based on the true facts underlying the alleged charges. If Ms. Femia had testified her eye witness testimony would have provided an excusable and justifiable explanation for the victim's death as an accident rather than an act produced by a depraved mind. The outcome of the trial would have been very different as Mr. Napier would not have changed his plea and accepted a charge of manslaughter but would have finished the trial and let the jury decide his innocence. *See Porter v. McColum*, 558 U.S. 30, 130 S.Ct. 447, 455-56 (2009) (That standard

does not "require a defendant to show 'that counsel's deficient conduct more likely than not altered the outcome, but rather that he establish 'a probability sufficient to undermine confidence in [that] outcome.'" (quoting *Strickland v. Washington*, 466 U.S. at 693-94)

As seen by the above cited U.S. Supreme Court authorities, the state court misapplied the facts of this case to cited precedent and totally ignored the Defendant's U.S. Constitutional rights. *See* 28 U.S.C. §2254(a) and (d).

### Ground Two

Defense trial counsel was ineffective in violation of the
6th and 14th Amendments to the U. S. Constitution by
denying the Defendant a fair trial, equal protection, and
due process of law when he advised the defendant to
enter a plea to avoid a possible life sentence.

Mr. Napier avers that the state court misapplied the facts of this case to below cited U.S. Supreme Court precedent and totally ignored the Defendant's U.S. Constitutional rights. *See* 28 U.S.C. §2254(a) and (d). Defense counsel's failure to convey the proper length of the sentence he faced if he was to continue with his trial was deficient performance. By not communicating the correct length of the sentence his client was facing, 30 years instead of a life sentence for the manslaughter count, counsel did not perform by the professional standards required by the first prong of

*Strickland*, no matter what his reasoning for failing to do so.

By its decisions in *Missouri v. Frye*[1] and *Lafler v. Cooper*[2], the United States Supreme Court has now firmly established that plea negotiations are a "critical point" in the course of a criminal proceeding, during which the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.

In *Frye*, the U. S. Supreme Court held that an attorney's failure to timely communicate a plea offer to a defendant resulting in the offer expiring "did not render the effective assistance the constitution requires." *Id*. 132 S.Ct. at 1408; *see also Public Defender, Eleventh Judicial Circuit of Fla. v. State*, 115 So.3d 261, 278 (Fla. 2013) ("The Supreme Court recognized 'the reality that criminal justice today is for the most part a system of pleas, not a system of trials,' noting that ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas.") (quoting *Lafler v. Cooper*, 132 S.Ct. 1376, 1388 (2012)).

The proper determining factors are provided by the two-prong test contained in *Strickland, supra,* (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

In reference to the first prong of *Strickland*, the courts appear uniformly to hold that the failure of trial counsel to communicate or to communicate correctly the

---

[1] *Missouri v. Frye*, 566 U.S. 132 S.Ct. 1399 (2012)

[2] *Lafler v. Cooper*, 566 U.S., 132 S.Ct. 1376 (2012)

facts and merits of a plea bargain offered by the state may warrant relief to a criminal defendant. To prevail, a defendant must prove his counsel failed to communicate a plea offer or misinformed him concerning the penalty he faced.

By not communicating the correct length of the sentence his client was facing, 30 years instead of a life sentence for the manslaughter count, counsel did not perform by the professional standards required by the first prong of *Strickland*, no matter what his reasoning for failing to do so.

In order to complete a showing of *Strickland* prejudice, defendants must show a reasonable probability they would have turned down the offer and continued with the trial if the length of sentence had been correctly portrayed. That standard does not "require a defendant to show 'that counsel's deficient conduct more likely than not altered the outcome', but rather that he establish 'a probability sufficient to undermine confidence in [that] outcome.'" *Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447, 455-56 (2009) (quoting *Strickland*, 466 U.S. at 693-94).

Mr. Napier asserts that both prongs of the *Strickland*'s ineffective assistance of counsel requirements have been fulfilled: (1) counsel's performance was deficient by not conveying to Mr. Napier the correct length of the sentence he was facing if he continued with the trial and was found guilty, *Missouri v. Frye, supra*; and (2) Mr. Napier was prejudiced by counsel's deficient performance as required by *Frye, Porter*, and the 6th and 14th Amendments to the U.S. Constitution as Mr. Napier

would not have pled but would have proceeded to jury deliberations on the so called lesser of Manslaughter.

In addition, the state court misapplied *Frye, Lafler,* and *Porter* to the facts of this case by accepting counsel's reasoning of why he portrayed the wrong length of sentence the Defendant faced after trial. It cannot be disputed that counsel told the defendant that he was facing a life sentence on the Manslaughter charge when he was not. The Defendant than accepted the plea offer under the wrong information while being confused as to the acquittal of the original Second degree murder charge and being offered a lesser included plea deal.

### Ground Three

Defense trial counsel was ineffective in violation of the 6th and 14th Amendments to the U. S. Constitution by denying the Defendant a fair trial, equal protection, and due process of law when he advised the defendant to enter a plea to a lesser charge after acquittal of Count 1: Second degree murder with a firearm, even though jeopardy had attached at that point.

Mr. Napier avers that to advise his client to enter a plea to a lesser charge after acquittal of Count 1: Second degree murder with a firearm, even though jeopardy

11

had attached at that point, was ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984).

Mr. Napier asserts that further prosecution of Count One was barred by the double jeopardy clauses of the state and federal constitutions, the state court misapplied the facts of this case to below cited U.S. Supreme Court precedent, and totally ignored the Defendant's U.S. Constitutional rights. *See* 28 U.S.C. §2254(a) and (d). Mr. Napier further asserts that defense counsel performed below the required standard for attorney performance, in violation of *Strickland v. Washington* and due process under the 14th Amendment, when he advised the defendant to accept a plea deal from the prosecution for a lesser included charge after acquittal. *See* U.S. Constitution's Fifth Amendment right to be free from double jeopardy, and the Florida Constitution's Article One, Section 9 right to be free from being put twice in jeopardy.

In *Arizona v. Washington*, 434 U.S. 497, 98 S. Ct. 824, 829, 54 L. Ed. 2D 717 (1978), the Court stated:

> "The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal," for "[t]he public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though 'the acquittal was based upon an egregiously erroneous foundation.'" *Id.* 434 U.S. at 503 (citation omitted).

12

In the case at bar, after both the state and defense had rested, the Court granted the defense's JOA as to Count One: Second degree murder with a firearm, and then held an unrecorded sidebar with both attorneys. Upon defense attorney's return, the state offered a plea deal of 30 years for Manslaughter with a firearm.

In this case, jeopardy attached when the jury was impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S. Ct. 2156, 57 L. Ed. 2D 24 (1978). At that point, the trial judge had the general power to control "the mode and order of the interrogation of witnesses and the presentation of evidence." §90.612(1), Fla. Stat.. Defense moved for a judgment of acquittal under rule 3.380(a), arguing that the "evidence" was "insufficient to warrant a conviction." The trial judge granted the motion. The court's ruling on the defense motion was an "acquittal" consistent with double jeopardy jurisprudence. It was the ruling of a judge that "actually represent[ed] a resolution, correct or not, of some or all of the factual elements of the offense charged." *Smith v. Massachusetts*, 543 U.S. 462, 468, 125 S. Ct. 1129, 160 L. Ed. 2D 914 (2005) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S. Ct. 1349, 51 L. Ed. 2D 642 (1977)) . Because it was not a "ruling granting a motion for judgment of acquittal after a jury verdict," jeopardy attached and no further actions or plea offers were cognizable.

The situation presented is simply one where the district attorney entered upon the trial of the case without sufficient evidence to convict. This does not take the

case out of the rule with reference to former jeopardy. There is no difference in principle between a discovery by the district attorney immediately after the jury was impaneled that his evidence was insufficient and a discovery after he had called some or all of his witnesses. Jeopardy still attached upon acquittal and the defendant could not be tried again for any related charges or allowed to plea to any lesser included charges without violating the 14th Amendment.

### Ground Four

> Defense trial counsel was ineffective in violation of the 6th and 14th Amendments to the U. S. Constitution by denying the Defendant a fair trial, equal protection, and due process of law when he misadvised the defendant that he did have an opportunity to discuss offer with his family.

Mr. Napier asserts that Ground Four is a strictly factual ground and will at this time rely on the factual basis related in his original petition. While just adding that the state court misapplied the facts of this case to U. S. Supreme Court precedent and totally ignored the Defendant's U.S. Constitutional rights. *See* 28 U.S.C. §2254(a) and (d). Mr. Napier further asserts that defense counsel performed below the required standard for attorney performance, in violation of *Strickland v. Washington* and due process under the 14th Amendment, when he advised the

defendant that he could not take the time to discuss the plea offer with his family during trial.

WHEREFORE, the Petitioner respectfully requests this Honorable Court take the above arguments and facts into consideration when deciding his Petition for Writ of Habeas Corpus and grant all relief to which he may be entitled.

Respectfully submitted,

Jason Doyle Napier, *pro se*

## UNNOTARIZED OATH
Pursuant to §92.525, Florida Statutes

UNDER PENALTY OF PERJURY, I declare that I have read the foregoing document and the facts stated herein are true and correct.

Respectfully submitted,

Jason Doyle Napier, *pro se,*
DC# 128886
Suwannee Correctional Institution Annex
5964 US Hwy 90
Live Oak, FL 32060

15

SCREENED
By USMS

Clerk of Courts
United States District
Court for the middle District
207 NW Second Street
Ocala, FL 34475

PRIORITY MAIL
TRACKED ★★★ INSURED

MAILED FROM
OKEECHOBEE CORRECTIONAL
INSTITUTION

Chapier # 128886
_chobee Corr. Inst.
_ NE 168 St
Okeechobee, FL 34972

FIRST CLASS MAIL